IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) ) ) | CIV. NO. 15-00523 JMS-BMK |
| Plaintiff, | ) ) | ORDER DENYING DEFENDANT'S REQUEST FOR DEFAULT; |
| vs. | ) ) ) | FINDINGS AND RECOMMENDATION DENYING |
| GLENN KIYOHIKO MIZUKAMI, | ) ) | DEFENDANT'S MOTION FOR DEFAULT JUDGMENT |
| Defendants. _____ | ) ) | |

ORDER DENYING DEFENDANT'S REQUEST FOR DEFAULT;
FINDINGS AND RECOMMENDATION DENYING DEFENDANT'S
MOTION FOR DEFAULT JUDGMENT

Before the Court is Defendant Glenn Mizukami's Request to Enter Default (Doc. 9) and Motion for Default Judgment (Doc. 10).  After reviewing the record of this case, the Court DENIES the request for default and finds and recommends that default judgment be DENIED.[1]

On November 12, 2015, Plaintiff U.S. Bank National Association filed the Complaint for foreclosure in state court.  (Notice of Removal at Ex. A.) Defendant removed the action to federal court on December 18, 2015.  That same day he filed an Answer.  (Doc. 6.)  On December 29, 2015, Defendant filed an Amended Answer and Counterclaims.  (Doc. 8.)  Defendant now moves for entry

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

of default and default judgment as to his Counterclaims.

Entry of default is proper "[w]hen a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After obtaining default, the plaintiff may seek default judgment pursuant to Rule 55(b).

Here, Defendant filed Counterclaims on December 29, 2015. According to Federal Rules of Civil Procedure Rule 12(a)(B), a "party must serve an answer to a counterclaim . . . within 21 days after being served with the pleading that states the counterclaim." Twenty-one days have not passed since the Counterclaims were served on Plaintiff. Consequently, it is premature for Defendant to seek entry of default as to his Counterclaims. The Court therefore DENIES his request to enter default.

Absent an entry of default, default judgment is inappropriate. Hofelich v. Hawaii, Civ. No. 11-00034 DAE-BMK, 2011 WL 1438096, at *1 (D. Haw. April 14, 2011) ("In light of the requirement to obtain entry of default before seeking default judgment, courts deny motions for default judgment where default has not been previously entered."). Accordingly, because this Court denies Defendant's request for entry of default above, the Court finds and recommends that his Motion for Default Judgment be DENIED.

Any Objection to these Findings and Recommendations are due in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 15, 2016.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

<u>U.S. Bank National Association v. Glenn Mizukami</u>, CIV. NO. 15-00523 JMS-BMK; ORDER DENYING DEFENDANT'S REQUEST FOR DEFAULT; FINDINGS AND RECOMMENDATION DENYING DEFENDANT'S MOTION FOR DEFAULT JUDGMENT.