IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2001-2, | ) ) ) ) ) ) ) | CIVIL NO. 15-00523 JMS-BMK<br><br>ORDER: (1) GRANTING MOTION TO REMAND; AND (2) DENYING AS MOOT MOTION TO DISMISS AND EXPUNGE LIS PENDENS, DOC. NO. 17 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| GLENN KIYOHIKO MIZUKAMI; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER: (1) GRANTING MOTION TO REMAND; AND (2) DENYING AS MOOT MOTION TO DISMISS AND EXPUNGE LIS PENDENS, DOC. NO. 17**

## I. INTRODUCTION

On November 12, 2015, Plaintiff U.S. Bank, National Association, as

Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through

Certificates, Series 2001-2 ("Plaintiff") filed a Complaint for Mortgage

Foreclosure in the First Circuit Court of the State of Hawaii against pro se

Defendant Glenn Kiyohiko Mizukami ("Defendant").  On December 18, 2015,

Defendant removed the action to this court asserting federal subject matter

jurisdiction on the basis of both federal question and diversity jurisdiction.  *See*

Doc. No. 1, Notice of Removal at 1-3.  That same day, Defendant filed a Notice of

Lis Pendens.  Doc. No. 5.  And on December 29, 2015, Defendant filed a "Rule 15

Amendment of Answer with Rule 13 Counterclaims."  Doc. No. 8.

      Currently before the court is Plaintiff's January 19, 2016 Motion to

dismiss the Counterclaims, expunge the Lis Pendens, and remand the Complaint.

Doc. No. 17.  Supporting remand, Plaintiff argues that Defendant's removal of this

action was improper because there is no basis for federal question or diversity

jurisdiction.  *Id.* at 2-3.  Defendant filed an Opposition on February 8, 2016, Doc.

No. 26, and Plaintiff filed a Reply on February 10, 2016.  Doc. No. 27.  Pursuant

to Local Rule 7.2(d), the court determines the Motion without a hearing.

      For the reasons discussed below, the court (1) GRANTS the Motion

in part, remanding this action to the First Circuit Court of the State of Hawaii, and

(2) DENIES without prejudice the Motion to dismiss the Counterclaims and

expunge the Lis Pendens as MOOT.

///

///

## II. <u>BACKGROUND</u>

This is an action to foreclose Defendant's real property located at 99-526 Mikioi Place, Aiea, Hawaii 96701 (the "subject property").  Doc. No. 1-1, Compl. at ¶ 5.  As alleged in the Complaint, on or about August 23, 2001, Defendant executed a promissory note ("Note") in the amount of $228,000 to Ameriquest Mortgage Co., which is secured by a Mortgage on the subject property.  *Id.* ¶¶ 4-5.  The Complaint further alleges that following Ameriquest Mortgage Co.'s endorsement of the Note, and various assignments of the mortgage interest, Plaintiff is currently the holder of the Note and mortgagee of record.  *Id.* ¶¶ 4, 6-7.  Defendant allegedly defaulted on the Note and Mortgage, and on November 12, 2015, Plaintiff filed the instant foreclosure action in state court.

On December 18, 2015, Defendant removed the underlying action to this court, Doc. No. 1, and filed an Answer.  Doc. No. 6.  On December 29, 2015, Defendant amended his Answer to assert seven Counterclaims against Defendant.  Doc. No. 8.  The Counterclaims are difficult to understand, but appear to assert federal and state claims essentially challenging the securitization of the Note and Mortgage and Plaintiff's right to foreclose.[1]  *Id.* at 2-6.

---

[1]  The Counterclaims also reference a prior action Defendant brought against the current and prior servicers of the same mortgage loan at issue here.  *See Mizukami v. Am. Home Mortg.*

(continued...)

3

## III.  <u>STANDARD OF REVIEW</u>

Under the general removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Such removal can be based on either diversity jurisdiction or federal question jurisdiction.  *See* 28 U.S.C. §§ 1441(b) & (c).  Plaintiff may seek remand, and 28 U.S.C. § 1447(c) provides:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

"Removal and subject matter jurisdiction statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'"  *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir.

---

[1](...continued)
*Servicing Inc.*, Civ. No. 13-0058 SOM-RLP ("*Mizukami I*").  *Mizukami I* was dismissed for failure to state a claim.  *Id.*, Doc. No. 64 Order (dismissing complaint with leave to amend); *see also id.*, Doc. No. 75 Entering Order (granting motion to dismiss for failure to amend complaint and terminating action).  That action has no bearing on the issues currently before this court.

2008)).  Thus, "'[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'"  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)) (alterations in original).  This "'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court."  *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

## IV.  DISCUSSION

The Notice of Removal asserts federal question and diversity jurisdiction.

## A.    Federal Question Jurisdiction

A federal court has jurisdiction over a removed action if the complaint alleges a claim that "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Whether a claim arises under federal law is generally determined by the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S.

386, 392 (1987).  Thus, a defendant cannot create federal subject matter

jurisdiction on the basis of claims or defenses asserted in a notice of removal.

*Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) ("The federal

question must be disclosed upon the face of the complaint, unaided by the answer

or by the petition for removal.") (citation omitted); *Fed. Nat'l Mortg. Assoc. v.*

*Bravo*, 2013 WL 812705, at *1 (C.D. Cal. 2013) (citing *McAtee v. Capital One,*

*F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007)).  Nor can "removability . . . be

created by defendant pleading a counter-claim presenting a federal question."

*Takeda*, 765 F.2d at 822 (quoting *Rath v. Packing Co. v. Becker*, 530 F.2d 1295,

1303 (9th Cir. 1975)).

　　　　"For statutory purposes, a case can 'aris[e] under' federal law in two

ways."  *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013).  The "vast bulk of suits

that arise under federal law" are those where "federal law creates the cause of

action asserted."  *Id.*  The second and "less frequently encountered" category of

federal question jurisdiction cases are those asserting state law claims that

"necessarily raise a stated federal issue, actually disputed and substantial, which a

federal forum may entertain without disturbing any congressionally approved

balance of federal and state judicial responsibilities."  *Grable & Sons Metal Prods.*

*v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 314 (2005); *see also Merrell Dow*

*Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  *Gunn* clarifies that under this second category, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  133 S. Ct. at 1065.

Here, Plaintiff's Complaint alleges a single state law claim for judicial foreclosure.  Doc. No. 1-1, Compl.; *see OneWest Bank, FSB v. Farrar*, 2014 WL 5023472, at *5 (D. Haw. Oct. 8, 2014) ("In general, there is no federal foreclosure law; rather, state law serves as the law of decision in foreclosure actions.").  To obtain a judicial foreclosure decree under Hawaii law, Plaintiff must establish "all four of the following: (1) the existence of a promissory note, mortgage, or other debt agreement; (2) the terms of the promissory note, mortgage, or other debt agreement; (3) default by the borrower under the terms of the promissory note, mortgage, or other debt agreement; and (4) the giving of the cancellation notice and recordation of an affidavit to such effect."  *OneWest Bank, FSB*, 2014 WL 5023472, at *5 (citing *IndyMac Bank v. Miguel*, 117 Haw. 506, 520, 184 P.3d 821, 835 (Haw. Ct. App. 2008) and *Bank of Honolulu, N.A. v. Anderson*, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)); *see also* Haw. Rev. Stat. §§ 667-1 *et seq.* (providing for judicial foreclosure).  "The material

7

inquiry relevant to a foreclosure decree is whether a default occurred[.]" *IndyMac Bank,* 117 Haw. at 520, 184 P.3d at 835.

Defendant does not (and cannot) argue that foreclosure itself is a federal claim.  Rather, he asserts confusing and fairly unintelligible allegations of fraudulent and deceptive practices in violation of various federal laws[2] in connection with the securitization and assignment of the Note and Mortgage, as well as Plaintiff's attempt to foreclose.  Doc. No. 1, Notice of Removal at 2-3.  But Plaintiff's foreclosure claim -- which essentially requires a determination of whether default has occurred -- does not require resolution of issues pursuant to federal laws governing debt collection, or fraudulent and deceptive practices.  The court finds these federal issues to be peripheral to the foreclosure claim, and not "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn*, 133 S. Ct. at 1065; *see also U.S. Bank Nat'l Ass'n v. Martin*, 2015 WL 2227792, at *2 (D. Haw. Apr. 23, 2015) ("[B]ecause U.S. Bank's . . . Complaint only asserts a state-law foreclosure claim, . . . removal cannot be based on federal question jurisdiction.").  Rather, Defendant's federal issues are more

---

[2]  Defendant appears to argue that this case involves claims pursuant to Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and fraud and deceptive practices in violation of unspecified portions of the United States Constitution and federal case law.  *See* Doc. No. 1, Notice of Removal at 2-3.

properly viewed as defenses or counterclaims to Plaintiff's foreclosure action --

indeed, Defendant raised these same issues in his Counterclaims.  But Defendant

cannot create federal subject matter jurisdiction based on such defenses or

counterclaims under federal law.  *See Takeda*, 765 F.2d at 822; *cf. Bank of N.Y.*

*Mellon v. Vo*, 2015 WL 662221, at *1-2 (N.D. Cal. Feb. 12, 2015) (remanding

case for lack of federal question jurisdiction based on FDCPA counterclaims

where complaint asserted a single state unlawful detainer claim).

Accordingly, the court finds that Defendant has failed to meet his

burden of establishing federal question jurisdiction.

## B.     Diversity Jurisdiction

Title 28 U.S.C. § 1332 provides that federal "district courts shall have

original jurisdiction of all civil actions where the matter in controversy exceeds

the sum or value of $75,000 . . . and is between . . . citizens of different States."

The Notice of Removal alleges that Plaintiff's main office is in Ohio, *see* Doc. No.

1 ¶ 10 & Ex. B, and therefore, Plaintiff appears to be a citizen of Ohio.  *See Rouse*

*v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) ("[U]nder [28 U.S.C.]

§ 1348, a national banking association is a citizen only of the state in which its

main office is located."); *see also* Doc. No. 1-1. Compl. ¶ 1 (alleging that

"Plaintiff is a national association").[3]  Defendant indicates that he is a citizen of Hawaii.  Doc. No. 1-4, Civil Cover Sheet at 1.

Although there appears to be diversity of citizenship of the parties, removal on this basis is barred by the forum defendant rule, which provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  "This rule 'confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state.'"  *Martin*, 2015 WL 2227792, at *3 (quoting *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006)).  Because Defendant is a citizen of Hawaii, the forum defendant rule precludes removal based solely on diversity jurisdiction.[4]

_____

[3]  The Eighth Circuit has found that U.S. Bank, N.A. is a citizen of Ohio.  *See Buffets, Inc. v. Leischow*, 732 F.3d 889, 897 (8th Cir. 2013) (recognizing that "[a] national bank is a citizen of the State in which its main office . . . is located," and taking "judicial notice, based on records of the Office of the Comptroller of the Currency, that U.S. Bank's main office is in Ohio").  *Accord Melendez v. U.S. Bank Nat'l Ass'n*, 2016 WL 446528, at *1 (C.D. Cal. Feb. 2, 2016) ("U.S. Bank, a national banking association with its main office in the state of Ohio . . . is a citizen of Ohio.").

[4]  Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand [under the forum defendant rule] must be made within 30 days after the filing of the notice of removal."  Although Plaintiff filed the instant Motion on January 19, 2016, 32 days after the Notice of Removal was filed, it is timely.  Federal Rule of Civil Procedure 6(a)(1), which governs the computation of time, provides:

When the period [of time] is stated in days or a longer unit of time:

(continued...)

The court finds that removal of the instant action was improper based on the absence of federal question jurisdiction and application of the forum defendant rule.  Accordingly, remand is warranted.

## V.  CONCLUSION

Based on the foregoing, the court (1) GRANTS the Motion in part, remanding this action to the First Circuit Court of the State of Hawaii, and (2) DENIES without prejudice the Motion to dismiss the Counterclaims and expunge the Lis Pendens as MOOT.

///

///

///

///

///

///

---

[4](...continued)
(A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

The Notice of Removal was filed on December 18, 2105 and the thirty day period following that date ended on January 17, 2016, which fell on a Sunday.  Because Monday, January 18, 2016, was a federal holiday, Plaintiff's filing of the instant Motion on January 19, 2016 was timely.

11

The court directs the Clerk of Court to remand this action to the First Circuit Court of the State of Hawaii.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 17, 2016.



  /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*U.S. Bank, Nat'l Assoc. v. Mizukami*, Civ. No. 15-00523 JMS-BMK, Order: (1) Granting Motion to Remand; and (2) Denying as Moot Motion to Dismiss and Expunge Lis Pendens, Doc. No. 17